UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:  Case No. 20-32409

Shaky Town Express, LLC  Chapter 11 Case

Debtor

**DEBTOR'S MOTION FOR EXPEDITED RELIEF AND ORDER
AUTHORIZING USE OF CASH COLLATERAL**

TO:   ALL PARTIES IN INTEREST AND OTHER ENTITIES AS SPECIFIED IN LOCAL RULE 9013-3:

1.   Shaky Town Express LLC (the "Debtor") by and through its undersigned attorney, hereby moves this Court for the relief requested below and gives notice of hearing.

2.   The court will hold an interim hearing on this motion Monday, **October 19, 2020, at 10:15 a.m.,** and will hold a final hearing on **Tuesday, November 17, 2020 at 10:00 a.m.,** both hearings being in Courtroom No. 2B of the United States Courthouse at 316 North Robert Street, St. Paul, MN 55101 (or via remote hearing due to the pandemic), before William J. Fisher, United States Bankruptcy Judge.

3.   The Debtor hereby gives notice that it will not object to the timeliness of any response to the request for expedited relief that is filed and delivered prior to the interim hearing. Any response to the request for final order authorizing the use of cash collateral must be delivered or mailed **not later than November 12, 2020**, which is five days before the time set for hearing. UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

4.   This court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and

1334, Fed. R. Bankr P. 5005 and Local Rule 1070-1. This proceeding is a core proceeding. The petition commencing this chapter 11 case was filed October 14, 2020 (the "Petition Date"). The case is now pending in this court.

5. This motion arises under 11 USC § 363, 1107 and 1108 and Fed. R. Bankr. P. 4001. This motion is filed under Fed. R. Bankr. P. 9006 and 9014 and Local Rules 9006-1 and 9013-1 through 9013-3. Movant seeks authority, on an interim and final basis, for the use of cash collateral.

6. The Debtor remains a debtor in possession under sections 1106 and 1107 of the Bankruptcy Code.

7. Since this is a subchapter V case, no committee of unsecured creditors will be appointed as a subchapter V trustee will be appointed.

8. Pursuant to section 363 of the Bankruptcy Code, the Debtor seeks authority to use cash collateral.

9. The Debtor is a Minnesota limited liability company that owns and operates trucks and trailers and is in the shipping business. The Debtor has seen business decline due to the pandemic and fell behind on its bills. The Debtor also has various trucks and trailers that are no longer needed and will be returned to the secured creditors in due course. The Debtor feels it will be able to reorganize under bankruptcy protection.

**SECURED DEBT**

10. TCI Business Capital, Inc. ("TCI") filed a UCC Financing Statement on March 31, 2016 claiming a blanket security interest in all assets of the Debtor (the "Blanket Lien"). TCI has the first position lien on all of the Debtor's assets. As of the date of filing, the Debtor owes TCI approximately $223,000. TCI factors the Debtor's receivables and has the 1st

position lien on all existing receivables, and ongoing receivables.

11. On information and belief, there exists the following additional secured lienholders:

a. Commercial Credit Group, Inc. ("CCG") – UCC Financing Statement filed on April 11, 2017, May 1, 2017, August 29, 2017, September 6, 2017, February 20, 2018, April 2, 2018, October 16, 2018, August 5, 2019, November 6, 2019, March 27, 2020 (4 filed on this date), and June 1, 2020 securing a lien on all assets of the Debtor, including cash and receivables, along specific lien rights to various trucks and trailers (see Schedule D of the filed petition for specifics). CCG has a lien on cash collateral, to the extent there is any security after factoring in TCI's debt, but certainly CCG's lien on cash is junior to TCI's lien on cash collateral.

b. Pawnee Leasing Corporation ("Pawnee") – UCC Financing Statement filed on August 21, 2017, September 5, 2017, and September 19, 2017, securing a lien in three ThermoKing APU pieces of equipment. The balance owed to Pawnee is $5,700 as of the Petition Date. Pawnee does not have a lien on "cash collateral."

c. Corporate Service Company, as representative for BMO Harris Bank – UCC Financing Statement filed on January 20, 2020 securing a lien against a 2018 Western Star truck. BMO Harris Bank does not have a lien on "cash collateral."

**FACTS REGARDING COLLATERAL VALUES AND CASH NEEDS**

12. The Debtor values its assets as of (a) the Petition Date; (b) the date that is 21 days after the filing of this instant motion; and (c) the date of the proposed ending use of cash collateral, all as set forth in the Exhibit A attached to the Declaration of Steve Petersen (the "Declaration"). For purposes of Exhibit A, inventory and equipment were valued at their

estimated value in an orderly liquidation.

13. The Debtor's cash needs for the period from October 14, 2020 through November 17, 2020 are set forth on Exhibit B attached to the Declaration. The expenses set forth in Exhibit B are limited to those that are required to avoid immediate and irreparable harm to the estate pending a final hearing on the Motion.

14. Debtor's cash needs for the period from November 17, 2020 through April 30, 2021 are as set forth on Exhibit C attached to the Declaration.

15. The Debtor needs to use cash collateral to meet its operating expenses.

**OFFER OF ADEQUATE PROTECTION**

16. As and for adequate protection of TCI's interest in the Collateral:

   a. The Debtor will use cash to pay ordinary and necessary business expenses and administrative expenses for the items and in such use will not vary materially from that provided for in Exhibits B and C attached to Debtor's Declaration, except for variations attributable to expenditures specifically authorized by Court order.

   b. The Debtor will grant TCI and any other secured creditor replacement liens, to the extent of the Debtor's use of cash collateral, in post-petition inventory, accounts, equipment, and general intangibles, with such liens being of the same priority, dignity, and effect as their respective pre-petition liens.

   c. The Debtor will carry insurance on its assets.

   d. The Debtor will provide TCI and any other secured creditor such reports and documents as they may reasonably request.

   e. The Debtor will afford TCI and any other secured creditor the right to inspect Debtor's books and records and the right to inspect and appraise the Collateral at any time during normal operating hours and upon reasonable notice to the Debtor and its attorneys.

   f. The Debtor's permitted use of cash collateral: (i) the Debtor defaults in performance of any obligation hereunder; (ii) TCI and any other secured creditor gives notice of the default to Debtor and its counsel;

and (iii) such default not cured within seven business days from the date of receipt of the notice.

## NEED FOR EXPEDITED RELIEF

17. Even a relatively short delay in payment of critical expenses may very well result in impairment of independent contractor and vendor relations, and the Debtor therefore submits that expedited relief pursuant to Fed. R. Bankr. P. 4001 and 9006 is warranted.

18. Pursuant to Local Rule 9013-2(c), the Debtor gives notice that it may, if necessary, call Steve Petersen, the Debtor's President to testify regarding the facts relevant to this Motion. Mr. Petersen's business address is 11013 690th Ave., Emmons, MN 56029.

WHEREFORE, the Debtor prays for an order of the court as follows:

a. For an order authorizing use of cash collateral and approving the Debtor's offer of adequate protection on an interim basis;

b. For an order authorizing use of cash collateral and approving the Debtor's offer of adequate protection on a final basis; and

c. Granting such other relief as may be just and equitable.

Dated: October 14, 2020  /e/ John D. Lamey III
John D. Lamey III, Esq. (#312009)
**LAMEY LAW FIRM, P.A.**
980 Inwood Avenue North
Oakdale, MN 55128
Telephone: 651-209-3550 / 651-789-2179 (f)

*Proposed Counsel to the Debtor*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Shaky Town Express LLC,

Debtor.

Case No. 20-32409

Chapter 11 Case

**SEPARATE VERIFICATION OF CASH COLLATERAL AND
EXHIBITS PURSUANT TO LOCAL RULE 4001-2(a)**

Pursuant to Local Rule 4001-2(a) the undersigned hereby states under penalty of perjury that he is the President of the Debtor, that he has firsthand knowledge of the facts stated in the Notice of Motion and Exhibits A, B, and C attached to the pending motion for use of cash collateral by the Debtor and that the facts set forth therein are true and correct, to the best of his knowledge.

Dated: October 14, 2020

_____
Steve Petersen, Vice President

# Exhibit A - Current and Projected Asset Values

*Case No. 20-32409*
*Shaky Town Express, LLC*

|  | 10/14/2020 | 11/17/2020 | 4/30/2021* |
|---|---:|---:|---:|
| Cash | $ 15,005 | $ 25,925 | $ 58,845 |
| Accounts Receivable | $ 222,620 | $ 242,620 | 282,620 |
| Trucks and Trailers | 692,700 | 680,000 | 376,300 |
| Other Fixed Assets | $ 7,500 | $ 7,500 | 7,500 |
| **TOTAL** | **$ 937,825** | **$ 956,045** | **725,265** |

*The Debtor intends to surrender various trucks and trailers. The value of the remaining
trucks and trailers is estimated in this column. Surrendering these assets will decrease the secured debt.

Shaky Town Express, LLC  
Case No.: 20-32409

**EXHIBIT B**

| | Week Ending | | | | |
|---|---|---|---|---|---|
| | 10/21/20 | 10/28/20 | 11/4/20 | 11/11/20 | 11/18/20 |
| **Gross Income** | 50,000 | 50,000 | 50,000 | 50,000 | 50,000 |
| **EXPENSES** | | | | | |
| **Independent Contractors (Varies)** | $ 20,000.00 | $ 20,000.00 | $ 20,000.00 | $ 20,000.00 | $ 20,000.00 |
| **Insurance (monthly)** | $ - | $ - | $ 14,000.00 | $ - | $ - |
| **Fuel** | $ 18,000.00 | $ 18,000.00 | $ 18,000.00 | $ 18,000.00 | $ 18,000.00 |
| **Maintenance (Varies Significantly)** | $ 2,000.00 | $ 2,000.00 | $ 2,000.00 | $ 2,000.00 | $ 2,000.00 |
| **Professional Fees** | $ - | $ - | $ - | $ - | $ - |
| **Subchapter V Trustee Fees** | $ - | $ - | $ - | $ - | $ - |
| **Accounting Fees (Monthly- Quickbooks)** | $ - | $ - | $ 100.00 | $ - | $ - |
| **Office Supplies (varies)** | | | | $ - | |
| **ELD (Electronic Log - Monthly)** | $ - | $ - | $ - | $ - | $ 575.00 |
| **PrePass (For scales- Monthly)** | $ - | $ - | $ 150.00 | $ - | $ - |
| **Rental Trailers (Monthly)** | $ 9,000.00 | $ - | $ - | $ 9,000.00 | $ - |
| **Loadboards (Monthly)** | $ 75.00 | $ - | $ - | $ - | $ - |
| **Cell Phone (how we book loads- Monthly** | $ - | $ - | $ 180.00 | $ - | $ - |
| **IFTA Tax (Quarterly- January/April/July/October)*** | | $ - | $ - | $ 3,000.00 | $ 3,000.00 |
| **TOTAL EXPENSES** | $ 49,075.00 | $ 40,000.00 | $ 54,430.00 | $ 52,000.00 | $ 43,575.00 |
| **CASH FLOW** | $ 925.00 | $ 10,000.00 | $ (4,430.00) | $ (2,000.00) | $ 6,425.00 |

**Shaky Town Express, LLC**
Case No.: 20-32409

# EXHIBIT C

|  | Nov-20 | Dec-20 | Jan-21 | Feb-21 | Mar-21 | Apr-21 |
|---|---:|---:|---:|---:|---:|---:|
| **Gross Income** | 225,000 | 230,000 | 235,000 | 235,000 | 235,000 | 235,000 |
| **Expenses:** | | | | | | |
| **Independent Contractors (Varies)** | 117,000 | 119,600 | 122,200 | 122,200 | 122,200 | 122,200 |
| **Insurance (monthly)** | 14,000 | 14,000 | 14,000 | 14,000 | 14,000 | 14,000 |
| **Fuel** | 67,500 | 69,000 | 70,500 | 70,500 | 70,500 | 70,500 |
| **Maintenance (Varies Significantly)** | 7,500 | 7,500 | 7,500 | 7,500 | 7,500 | 7,500 |
| **Professional Fees/SubV TT** | 5,000 | 4,000 | 4,000 | 4,000 | 0 | 0 |
| **PrePass (For scales- Monthly)** | 150 | 150 | 150 | 150 | 150 | 150 |
| **Rental Trailers (Monthly)** | 7,500 | 7,500 | 7,500 | 7,500 | 7,500 | 7,500 |
| **Loadboards (Monthly)** | 200 | 200 | 200 | 200 | 200 | 200 |
| **Cell Phone (how we book loads- Monthly** | 180 | 180 | 180 | 180 | 180 | 180 |
| **IFTA Tax (Quarterly- January/April/July/October)** | 4,000 | 4,000 | 4,000 | 4,000 | 4,000 | 4,000 |
| **Total Expenses** | 223,030 | 226,130 | 230,230 | 230,230 | 226,230 | 226,230 |
| **Profit (Loss)** | 1,970 | 3,870 | 4,770 | 4,770 | 8,770 | 8,770 |

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Case No. 20-32409 |
| Shaky Town Express LLC, | Chapter 11 Case |
| Debtor. | |

## DECLARATION OF STEVE PETERSEN IN SUPPORT OF DEBTOR'S MOTION FOR EXPEDITED RELIEF AND ORDER AUTHORIZING USE OF CASH COLLATERAL

1. I am the President of the Debtor in the above-referenced bankruptcy case. I make this Unsworn Declaration in Support of the Debtor's Motion for Expedited Relief and Order Authorizing Use of Cash Collateral ("Motion").

2. I am familiar with the Debtor's assets, debts, and operations.

3. As of October 14, 2020 ("Filing Date") the Debtor was indebted to TCI Business Capital, Inc. ("TCI") in the approximate amount of $223,000 in debt secured by, among other things, an interest in cash collateral. Commercial Credit Group, Inc. ("CCG") may also have an interest in cash collateral in the event TCI is fully secured. CCG is owed approximately $466,500.

4. The Debtor values its assets as of: (a) the Filing Date; (b) the date of the beginning of the period of time for which Debtor seeks final authorization to use cash collateral; and (c) the date of the end of the period of time for which the Debtor currently seeks authorization to use cash collateral, all as set forth in Exhibit A attached hereto.

5. The Debtor needs the use of cash collateral to pay operating expenses.

6. For the period from October 14, 2020 through November 17, 2020, the Debtor requires cash for the items and in the amounts specified on the attached <u>Exhibit B</u>. The Expenditures provided for in <u>Exhibit B</u> are limited to those that are necessary to avoid immediate and irreparable harm to the bankruptcy estate.

7. For the period from November 17, 2020 through April 30, 2021, the Debtor requires cash for the items and in the amounts specified on the attached <u>Exhibit C</u>.

8. The Debtor proposes to adequately protect TCI and any other secured creditor in the manner and on the terms described in the Motion.

9. I declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information, and belief.

Dated: October 14, 2020

_____
Steven Petersen, President

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:                                                                                         Case No. 20-32409

Shaky Town Express LLC                                                                         Chapter 11 Case

Debtor.

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR EXPEDITED RELIEF AND ORDER AUTHORIZING USE OF CASH COLLATERAL**

Shaky Town Express LLC ("Debtor") submits this Memorandum of Law in support of its Motion for Expedited Relief and Order Authorizing Use of Cash Collateral ("Motion").

### I.  STATEMENT OF FACTS

Debtor relies on the facts set forth in the Motion and incorporates the same herein by this reference.

### II.  STATEMENT OF LAW AND DISCUSSION

#### A.  Expedited Relief

Rule 4001(b)(2) of the Federal Rules of Bankruptcy Procedure provides as follows:

> The court may commence a final hearing on a motion for authorization to use cash collateral no earlier than 14 days after service of the motion. If the motion so requests, the court may conduct a preliminary hearing before such 14 day period expires, but the court may authorize the use of only that amount of cash collateral as is necessary to avoid immediate and irreparable harm to the estate pending a final hearing.

RULE 4001-2(b) of the Local Rules of Bankruptcy Procedure provides:

> (b) PRELIMINARY HEARING. If the hearing on a motion for use of cash collateral is a preliminary hearing pursuant to Federal Rule of Bankruptcy

Procedure 4001(b)(2), the Debtor's separate verified statement shall contain an itemization of the proposed uses of cash collateral that are required to avoid immediate and irreparable harm to the estate pending a final hearing on the motion.

The Debtor has made all the showings necessary to support its request for expedited relief. The proposed interim budget provides only for the payment of those expenses as are necessary to avoid immediate and irreparable harm.

### B. Cash Collateral

Section 363(c)(2) of the Bankruptcy Code provides that a debtor in possession may use cash collateral only with the secured creditor's consent or if the court, after notice and a hearing, so orders. Section 363(e) of the Bankruptcy Code provides that the court must provide the secured creditor with adequate protection of its interest upon request of the creditor. With respect to adequate protection:

In any given case, the bankruptcy court must necessarily (1) establish the value of the secured creditor's interest, (2) identify the risks to the secured creditor's value resulting from the debtor's requests for use of cash collateral, and (3) determine whether the debtor's adequate protection proposal protects values as nearly as possible against risks to that value consistent with the concept of indubitable equivalence. *In re Martin,* 761 F. 2d 472, 476-77 (8th Cir. 1985).

Based on the facts alleged in the Motion and Debtor's Declaration, the secured creditors' interest in the cash collateral is that Debtor will use all of the collateral and not generate sufficient post-petition collateral to replace the used collateral. Debtor has set forth how the value of the assets will change, between the Filing Date and the dates through which the Debtor seeks use of cash collateral. Debtor has further set forth in Debtor's Declaration, Debtor's cash flow projections detailing Debtor's projections of its operations on an actual cash basis. Pursuant to Debtor's projections, the secured creditors' collateral position does not adversely change

during the period of the proposed use of cash collateral, and, in fact, improvise.

Based on the facts and circumstances of this case, under the offer set forth in the Motion, the secured creditors are adequately protected against any risk that the value of the collateral will erode during the pendency of this case.

### III. CONCLUSION

For the foregoing reasons, the Debtor requests that the Court authorize the use of cash collateral as provided in this Motion.


Dated: October 14, 2020 /e/ John D. Lamey III
John D. Lamey III, Esq. (#312009)
**LAMEY LAW FIRM, P.A.**
980 Inwood Avenue North
Oakdale, MN 55128
Telephone: 651-209-3550 / 651-789-2179 (f)

*Proposed Counsel to the Debtor*

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

___

In re:

Shaky Town Express LLC

Debtor.

Case No. 20-32409 WJF

Chapter 11 Case

___

## ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL
___

This matter came before the Court on the Debtor's expedited motion for an order authorizing the use of cash collateral. Appearances are noted on the record. Based on the arguments of counsel and the documents of record, and the court being fully advised with respect to the other relevant facts and information,

IT IS HEREBY ORDERED:

1. The Debtor's request for expedited relief is granted.

2. The Debtor is authorized, subject to the terms herein, to use cash collateral in which TCI Business Capital, Inc. and any other secured creditor has an interest through November 17, 2020.

3. The Debtor's use of cash collateral is subject to the following terms:

(a) The Debtor will use cash to pay ordinary and necessary business expenses and administrative expenses for the items and such use will not vary materially from that provided for in <u>Exhibit B</u> attached to the Debtor's President's declaration, except for variations attributable to expenditures specifically authorized by Court Order.

(b) The Debtor will grant TCI Business Capital, Inc. and any other secured creditor replacement liens, to the extent of the Debtor's use of cash collateral, in post-petition inventory, accounts, equipment, and general intangibles, with such lien being of the same priority, dignity, and effect as their respective pre-petition liens. However, such replacement liens shall exclude all causes of action under Chapter 5 of Title 11 of the United States Code.

(c) The Debtor will carry insurance on its assets.

(d) The Debtor will provide TCI Business Capital, Inc. and any other secured creditor with such reports and documents as they may reasonably request.

(e) The Debtor will afford TCI Business Capital, Inc. and any other secured creditor the right to inspect the Debtor's books and records and the right to inspect and appraise any part of their collateral at any time during normal operating hours and upon reasonable notice to the Debtor and its attorneys.

(f) The Debtor's permitted use of cash collateral will cease if:

    (i) The Debtor defaults in performance of any obligation hereunder;
    (ii) TCI Business Capital, Inc. and any other secured creditor gives notice of such default to the debtor and its counsel; and
    (iii) Such default is not cured within seven business days from the date of receipt of the notice.

Dated: _____

William J. Fisher
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

_____

In re:                                                                                                    Case No. 20-32409 WJF

Shaky Town Express LLC                                                                        Chapter 11 Case

Debtor.
_____

**ORDER FOR USE OF CASH COLLATERAL**
_____

This matter came before the Court on the Debtor's expedited motion for an order authorizing the use of cash collateral. Appearances are noted on the record. Based on the arguments of counsel and the documents of record, and the court being fully advised with respect to the other relevant facts and information,

IT IS HEREBY ORDERED:

1.  The Debtor is authorized, subject to the terms herein, to use cash collateral which TCI Business Capital, Inc. and any other secured creditor have an interest through April 30, 2021.

2.  The Debtor's use of cash collateral is subject to the following terms:

(a)  The Debtor will use cash to pay ordinary and necessary business expenses and administrative expenses for the items and such use will not vary materially from that provided for in <u>Exhibit B</u> attached to the Debtor's president's declaration, except for variations attributable to expenditures specifically authorized by Court Order.

(b)  The Debtor will grant TCI Business Capital, Inc. and any other secured creditor replacement liens, to the extent of the Debtor's use of cash collateral, in post-petition inventory, accounts, equipment, and general intangibles, with such lien being of the same priority, dignity, and effect as their respective pre-petition liens. However, such replacement liens shall exclude all causes of action under Chapter 5 of Title 11 of the United States Code.

(c)     The Debtor will carry insurance on its assets.

(d)     The Debtor will provide TCI Business Capital, Inc. and any other secured creditor with such reports and documents as they may reasonably request.

(e)     The Debtor will afford TCI Business Capital, Inc. and any other secured creditor the right to inspect the Debtor's books and records and the right to inspect and appraise any part of their collateral at any time during normal operating hours and upon reasonable notice to the Debtor and its attorneys.

(f)     The Debtor's permitted use of cash collateral will cease if:

   (i)    The Debtor defaults in performance of any obligation hereunder;
   (ii)   TCI Business Capital, Inc. and any other secured creditor gives notice of such default to the Debtor and its counsel; and
   (iii)  Such default is not cured within seven business days from the date of receipt of the notice.

Dated:                                              _____
                                                    William J. Fisher
                                                    United States Bankruptcy Judge