UNITED STATES BANKRUPTCY COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Case No. 20-32409 WJF |
| Shaky Town Express, LLC | |
| | Chapter 11 |
| Debtor. | |

**MOTION FOR AN ORDER GRANTING EXPEDITED RELIEF AND AUTHORIZING MAINTENANCE OF EXISTING BANK ACCOUNTS**

**TO: THE OFFICE OF THE UNITED STATES TRUSTEE AND OTHER PARTIES-IN-INTEREST AS SPECIFIED IN LOCAL RULE 9013-3(A)(2).**

1. Shaky Town Express, LLC ("Debtor"), by and through counsel, moves this Court for the relief requested below and give notice of hearing.

2. The Court will hold a hearing on this Motion at **10:15 a.m. on Monday, October 19, 2020,** in Courtroom No. 2B, of the United States Courthouse at 316 North Robert Street, in St. Paul, Minnesota 55101.

3. Local Rule 9006-1(c) provides deadlines for responses to this motion. Given the expedited nature of the relief sought, however, the Debtor does not object to written responses being served and filed immediately prior to the hearing. **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING**.

4. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, and Bankruptcy Rule 5005. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of the Debtor's Chapter 11 cases and this Motion in this district is proper pursuant 28 U.S.C. §§ 1408 and 1409. The petitions commencing these Chapter 11 case was filed on October 14, 2020 (the "Petition Date"), and the case is now pending before this Court.

5. This motion arises under 11 U.S.C. §§ 105(a), 365(b), 1107, and 1108. This motion is filed under Fed. R. Bankr. P. 9014 and Local Rules 9013-1 through 9013-3. The Debtor requests an Order granting expedited relief and authorizing the maintenance of its existing bank account as of the Petition Date (the "Motion").

## BACKGROUND

6. On the Petition Date, the Debtor filed a voluntary petition for relief pursuant to chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtor continues to operate its businesses as a debtor in possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code. A subV chapter 11 trustee will be appointed to this case. No creditors' or other official committee has been appointed pursuant to section 1102 of the Bankruptcy Code.

7. The United States Trustee has established certain operating guidelines for debtors in possession that continue to operate their businesses in chapter 11. Among other things, those operating guidelines require a debtor in possession to open new bank accounts and close all existing bank accounts in an effort to prevent the inadvertent payment of pre-petition claims and to provide a clear line of demarcation between pre- and post-petition payment activity.

8. Prior to the Petition Date, the Debtor, in its ordinary course of business, maintained an active operating bank account at Bank of America, Account ending in 0095 (the "Bank Account").

9. The Debtor receive various ACH payments from many different sources. Changing the bank account information likely will delay the payments.

10. In sum, such a delay in payments to the Debtor would cause a loss of revenue and cash flow difficulties at this critical time in the bankruptcy case.

## RELIEF REQUESTED

11. The Debtor requests that the United States Trustee waive the requirement that the Debtor's Bank Account be closed and a new post-petition bank account be opened in their stead. In this case, the Debtor has only one pre-petition bank account. The Debtor is a small businesses with limited resources. If the U.S. Trustee's requirement is strictly enforced in this case, the Debtor may experience significant delays in payments, which will in turn jeopardize the Debtor's ability to meet post-petition obligations.

12. The Debtor rarely pay bills with paper check (most payments are done via ACH) but will order new check stock with the "debtor-in-possession" designation and case number, and agrees to not issue any checks until that new "debtor-in-possession" check stock arrives. The numbers on the new check stock will begin at a number which is at least 100 numbers greater than the number of the last written pre-petition checks, creating an obvious distinction between pre- and post-petition payment activity. The Debtor has also taken steps to deny any future ACH withdraws from this account, unless specifically initiated in the future by the Debtor. So, the risk that a pre-petition creditor might be paid post-petition is very low.

13. Accordingly, the Debtor requests that the Bank Account be deemed its debtor-in-possession account and that the Debtor be authorized to maintain and continue using this Bank Account in the same manner, with the same account number, styles, and forms as employed by the Debtor pre-petition. On information and belief, Bank of America is a financial institution authorized as a debtor-in-possession depository.

14. Because the Debtor must timely receive all funds due to it in order to meet their post-petition obligations, cause exists to hear this motion on an expedited basis. The Debtor has taken reasonable steps to provide parties with the most expeditious service and notice possible under the

circumstances. Specifically, counsel for the Debtor has communicated with the U.S. Trustee's Office regarding this Motion, and all parties in interest have been served with this Motion.

15. Pursuant to Local Rule 9013-2, this motion is verified and is accompanied by a Memorandum of Law, proposed order and proof of service.

16. Pursuant to Local Rule 9013-2, the Debtor gives notice that it may, if necessary, call Steven Petersen, President of the Debtor, to testify on behalf of the Debtor about the factual matters raised in this motion. The business address for this potential witness is: 11013 690th Ave, Emmons, Minnesota.

**WHEREFORE**, the Debtor request entry of an Order granting expedited relief, authorizing the maintenance of the Debtor's existing Bank Account and for such other and further relief as the Court deems proper.

Dated: October 14, 2020

/e/ John D. Lamey III
John D. Lamey III, Esq. (#312009)
**LAMEY LAW FIRM, P.A.**
980 Inwood Avenue North
Oakdale, MN 55128
Telephone: (651) 209-3550
Facsimile: (651) 789-2179

**PROPOSED ATTORNEYS FOR DEBTOR**

## VERIFICATION

I, Steven Petersen, President of the Debtor, declares under penalty of perjury that the facts set forth in the preceding Motion are true and correct according to the best of my knowledge, information, and belief.

Dated: October 14, 2020

Steven Petersen

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Case No. 20-32409 WJF |
| Shaky Town Express, LLC | |
| | Chapter 11 |
| Debtor. | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR AN ORDER GRANTING EXPEDITED RELIEF AND AUTHORIZING MAINTENANCE OF EXISTING BANK ACCOUNTS

The above-named Debtor (the "Debtor"), submits this memorandum in support of its Motion for an Order Granting Expedited Relief and Authorizing Maintenance of Existing Bank Account (the "Motion"). The Debtor request that the Court grant this relief in order to avoid unnecessary delay in receiving critical revenue due to the Debtor, and to facilitate their smooth transition into Chapter 11.

## BACKGROUND

The supporting facts are set forth in the verified Motion. All capitalized terms have the meaning ascribed to them in the Motion.

## ARGUMENT

### I. THE DEBTOR'S REQUEST FOR EXPEDITED RELIEF SHOULD BE GRANTED.

The Debtor seek an order granting expedited relief pursuant to Federal Rule of Bankruptcy Procedure 9006(c) and Local Rule 9006-1(d), and submit that cause exists to hear this motion on an expedited basis. Requiring that the Debtor close its existing Bank Accounts and open new debtor-in-possession account would compel the Debtor to invest a significant portion of their limited resources into setting up a new account and payments system for certain

ACH vendors. This would, in turn, cause the Debtor to experience cash flow difficulties at a critical time in its bankruptcy case. Given the Debtor's need to maintain timely, positive cash flow, continue post-petition operations with minimal disruption, and remain current with post-petition obligations, the Court should grant expedited relief.

## II. THE DEBTOR SHOULD BE AUTHORIZED TO MAINTAIN THEIR EXISTING BANK ACCOUNT.

The bankruptcy court has the authority to waive the strict enforcement of the U.S. Trustee's operating guidelines that require the closure of pre-petition bank accounts and opening of new post-petition "debtor-in-possession" accounts in their stead. Such relief is routinely granted by bankruptcy courts in this and other districts. *See, e.g., In re RT Midwest Holdings, LLC*, Case No. 12-43626 (Bankr. D. Minn. Jun. 27, 2012); *In re Lyman Holding Company,* Case No. 11-45190 (Bankr. D. Minn. Aug. 9, 2011); *In re Bowles Sub Parcel D, LLC*, Case No. 11-44434 (Bankr. D. Minn. Jul. 30, 2011); *In re Fenton Sub Parcel D, LLC*, Case No. 11-44430 (Bankr. D. Minn. Jul. 20, 2011); *In re Twin Cities Stores, Inc*. Case No. 09-34468 (Bankr. D. Minn. Jul. 2, 2009); *In re Twin Cities Avanti Stores, LLC,* Case No. 09-34469 (Bankr. D. Minn. Jul. 2, 2009); *In re Intrepid U.S.A., Inc*., Case No. 04-40416 (Bankr. D. Minn. Mar. 24, 2004).

As detailed in the Motion, maintenance of the Debtor's Bank Account would greatly facilitate the Debtor transition to post-petition operations and avoid unnecessary delays caused by having to close the existing Bank Account into which the Debtor's revenues are electronically deposited. It would also avoid the Debtor having to undertake the onerous and time-consuming process of establishing direct deposits into the new account. This process would be disruptive and administratively wasteful.

Requiring the Debtor to open new bank accounts at this early and critical stage of their Chapter 11 cases would needlessly detract the focus from maintaining post-petition operations

and could also disrupt the Debtor's relationships with its independent contractors in the event the Debtor is unable to remain current on its obligations because of cash flow difficulties. Accordingly, it is in the best interest of all creditors and other parties in interest in this case that the Debtor be allowed to maintain its existing Bank Account.

The Debtor will ordered new check stock with the "debtor-in-possession" designation and the case number and will not issue any checks until that new check stock arrives. The numbers on the new check stock will begin at numbers which are at least 100 numbers greater than the numbers of the last written pre-petition checks. Accordingly, these procedures will help satisfy the U.S. Trustee's concerns for a clear line of demarcation regarding the Debtor's pre- and post-petition payment activity.

## **CONCLUSION**

For the foregoing reasons, the Debtor respectfully requests that this Court grant the relief requested in the Motion.

Dated: October 14, 2020 /e/ John D. Lamey III
John D. Lamey III, Esq. (#312009)
**LAMEY LAW FIRM, P.A.**
980 Inwood Avenue North
Oakdale, MN 55128
Telephone: (651) 209-3550
Facsimile: (651) 789-2179
**PROPOSED ATTORNEYS FOR DEBTOR**

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF MINNESOTA**

| In re: | Case No. 20-32409 WJF |
|---|---|
| Shaky Town Express, LLC | |
| | Chapter 11 |
| Debtor. | |

**ORDER**

This matter came before the court on the debtor's motion for an order granting expedited relief and authorizing maintenance of existing bank account. Appearances are noted on the record. Based on the arguments of counsel and the documents of record, and the court being fully advised with respect to the other relevant facts and information,

IT IS ORDERED:

1. The debtor's request for expedited relief is granted.

2. The debtor is authorized to designate, maintain, and continue to use, with the same account numbers, the Bank of America checking account ending in 0095.

3. The debtor is authorized to use new check stock for the bank accounts, which shall state "Debtor-in-Possession" and this case number in accordance with the requirements of the Office of the United States Trustee, and are authorized to treat this bank account for all purposes as account of the debtor as debtors-in-possession.

4. Bank of America is authorized and directed to continue to service and administer such account as an account of the debtor as a debtor-in-possession without interruption and in the usual and ordinary course, and receive, process, honor, and pay any and all checks drawn on the bank account after the petition date.

.

Dated: _____

William J. Fisher
United States Bankruptcy Judge