# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Case No. 20-32409 WJF |
| Shaky Town Express, LLC | Chapter 11 |
| Debtor. | |

## NOTICE OF HEARING AND MOTION FOR AN EXPEDITED HEARING AND FOR AN ORDER AUTHORIZING THE DEBTOR TO PAY PRE-PETITION CONTRACTOR & OWNER PAYMENTS

TO:     THE PARTIES IN INTEREST AS SPECIFIED IN LOCAL RULE 9013-3(a)(2).

1.  Shaky Town Express, LLC ("Debtor"), by and through counsel, moves this Court for the relief requested below and give notice of hearing.

2.  The Court will hold a hearing on this Motion at **10:15 a.m. on Monday, October 19, 2020,** in Courtroom No. 2B, of the United States Courthouse at 316 North Robert Street, in St. Paul, Minnesota 55101.

3.  Local Rule 9006-1(c) provides deadlines for responses to this motion. Given the expedited nature of the relief sought, however, the Debtor does not object to written responses being served and filed immediately prior to the hearing. **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING**.

4.  The Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334, and Bankruptcy Rule 5005. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of the Debtor' Chapter 11 cases and this Motion in this district is proper pursuant 28 U.S.C. §§ 1408 and 1409. The petition commencing this Chapter 11 case was filed on October 14, 2020 (the "Petition Date"), and the case is now pending before this Court.

5. This Motion arises under 11 U.S.C. §§ 105(a), 363, 549, 1107, and 1108, and is filed pursuant to Local Rules 9013-1, 9013-2, and 9013-3. Notice of the hearing on this Motion is provided pursuant to Bankruptcy Rule 2002(a) and Local Rules 9013-1, 9013-2, 9013-3, and 2002-1(b). The Debtor requests a final order authorizing it to pay pre-petition independent contractor and owner obligations to avoid immediate and irreparable harm.

## BACKGROUND

6. On the Petition Date, the Debtor filed a voluntary petition for relief pursuant to chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtor continues to operate its businesses as a debtor in possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code. A subV chapter 11 trustee will be appointed to this case. No creditors' or other official committee has been appointed pursuant to section 1102 of the Bankruptcy Code.

7. As of the Petition Date, the Debtor employed approximately nine independent contractors that use the Debtor's trucks and trailers to haul freight. The rate paid to these independent contractors is a percentage (78%) of the load. Debtor's average independent contractor payments per week is about $20,000.00. The owners also draw a salary and depend on this to pay their bills.

9. The Debtor pays independent contractors / owners weekly on Fridays with the next pay date set for Friday, October 16, 2020. The Debtor's payments on each such Friday compensates its independent contractors for work performed through the immediately preceding Tuesday to Monday. So, the October 16, 2020 payment would pay the independent contractors for the time period October 6 through October 12, 2020.

10. As of the Petition Date, each of the Debtor's independent contractors had been paid its payments through October 5, 2020.

11. The payroll due on October 16, 2020 will compensate the Debtor's independent contractors for, among other things, work performed through October 12, 2020.

12. None of the independent contractors / owners are owed amounts greater than the $12,475 priority claim cap under Section 507(a)(4) of the Bankruptcy Code. *See attached* <u>Exhibit A</u>. Moreover, none of the contractors are "insiders" or related to the Debtor in any way. However, the two owners are due pre-petition wages and wish to be paid.

13. Entry of the order requested in this Motion is necessary to avoid immediate and irreparable harm to the Debtor for the following reasons:

    (a) Each of the Debtor's independent contractors are critically important to the Debtor's ongoing operations.

    (b) Debtor's independent contractors are reliable and understand the Debtor's business and needs, and the Debtor would not be able to replace such independent contractors quickly as they are in great demand.

    (c) The goodwill between the Debtor and its independent contractors is linked closely to the Debtor's timely funding of payments.

    (d) Many of the Debtor's independent contractors live "paycheck to paycheck," and, as a result, they are not in a position to wait several months to have their payments funded.

    (e) It is very likely that the Debtor's independent contractors will harbor some level of anxiety about the Debtor's financial condition and their ability to continue payments.

    (f) Debtor's failure to fund prepetition payments in full would very likely increase the level of anxiety experienced by the Debtor's independent contractors.

    (g) The Debtor's independent contractors will be less likely to continue to work for the Debtor if pre-petition payments are not funded as requested in this Motion.

    (h) If the Debtor's lose the full support of its independent contractors, or lose some of its independent contractors altogether, the Debtor will be forced to scale-down or discontinue operations, and its ability to reorganize dwindles.

## RELIEF EQUESTED

14. The Debtor estimates that approximately $26,619.00 is currently due and owing to their independent contractors for payments accrued prior to the Petition Date. The Debtor seeks authority to pay such prepetition payments to its independent contractors that, absent the Debtor'

bankruptcy filing, would have been paid to independent contractors on October 16, 2020.

17. The Debtor's independent contractors are critical to the success of the Debtor's operation. Any failure to pay these pre-petition payments will not only create hardship for these independent contractors, but also create an immediate risk that the independent contractors will terminate its relationship with the Debtor and seek work elsewhere.

18. The cost to the Debtor of making the payments requested herein would be far less than the cost of replacing its independent contractors, and far less than the damage that would be caused to the Debtor's business and its ability to reorganize if such independent contractors were lost.

19. Payment of the contractor payments is also in the best interest of creditors. The Debtor cannot continue to operate without its independent contractors, and the Debtor's continuing operations offer the best, if not the only, prospect for payment to the unsecured creditors. Moreover, if unpaid, these independent contractor payments will become priority claims and will be paid before unsecured claims. For this reason, the immediate payment of these payments will have no negative effect on the recovery of the unsecured creditors.

20. The Debtor has taken reasonable steps to provide parties with the most expeditious service and notice possible under the circumstances. Specifically, counsel for the Debtor has spoken with the U.S. Trustee's Office regarding this Motion, and all parties in interest have been served with this Motion. In addition, in order to provide the most expeditious service and notice possible, the Debtor served this Motion upon the parties as described on the certificate of service attached hereto.

21. Pursuant to Local Rule 9013-2(a), this motion is accompanied by a memorandum of law, proposed order, and proof of service.

22. Pursuant to Local Rule 9013-2, the Debtor gives notice that it may, if necessary, call

Steven Petersen, President of the Debtor, to testify on behalf of the Debtor about the factual matters raised in this motion. The business address for this potential witness is: 11013 690th Ave, Emmons, Minnesota.

    **WHEREFORE**, the Debtor move the Court for an order:

(a) authorizing the Debtor to pay all pre-petition independent contractor payments identified herein, in amounts not to exceed any applicable priority dollar limit as to any one contractor; and

(b) granting such other further relief as the Court may deem just and equitable.

Dated: October 14, 2020

/e/ John D. Lamey III, Esq. (#312009)
**LAMEY LAW FIRM, P.A.**
980 Inwood Avenue North
Oakdale, MN 55128
Telephone: 651-209-3550
Facsimile: 651-789-2179
jlamey@lameylaw.com

*Proposed Counsel to the Debtor*

## VERIFICATION

I, Steven Petersen, President of the Debtor, declares under penalty of perjury that the facts set forth in the preceding Motion are true and correct according to the best of my knowledge, information, and belief.

Dated: October 14, 2020

Steven Petersen

# EXHIBIT A

Contractors and Pay for week ending 10/12/20 (payable on 10/16/20)

| | |
|---|---|
| Devin Dellaripa | $4,652.42 |
| Richard Austin | $3,106.91 |
| Michael Lewis | $3,819.42 |
| 5D's Trucking | $5,772.00 |
| David Tackett | $2,028.71 |
| Jacob Lott | $1,294.80 |
| James Neill | $1,862.50 |
| Morgan Frazeur | $1,882.50 |
| Steve Petersen | $1,500.00 |
| Debra Petersen | $700.00 |
| Total | $26,619.26 |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:                                                    Case No. 20-32409 WJF

Shaky Town Express, LLC
                                                          Chapter 11
            Debtor.

**MEMORANDUM IN SUPPORT OF MOTION FOR AN EXPEDITED
HEARING AND FOR AN ORDER AUTHORIZING
THE DEBTOR TO PAY PRE-PETITION CONTRACTORS**

The Debtor respectfully ask the Court for expedited relief and for an order authorizing the payment of pre-petition wages. The facts supporting this request are set forth in the Debtor's verified Motion. The Debtor has a compelling business justification for funding the pre-petition obligations at issue. Namely, the Debtor is likely to lose the goodwill established between them and their independent contractors, and they may lose some independent contractors altogether, if these payments are not made. Without the support of their independent contractors, it will be very difficult for the Debtor to continue operations and reorganize.

**DISCUSSION**

**I.   EXPEDITED RELIEF IS WARRANTED**

The Debtor have asked the Court to resolve its Motion on an expedited basis. Local Rule 9006-1(b) provides that "moving documents shall be filed and served . . . not later than fourteen days before the hearing date." Local Rule 9006-1(e), however, provides that a court may reduce this notice period for cause. Cause exists in these cases to grant the Motion on an expedited basis. If the Motion is not granted expeditiously, the Debtor' payroll schedule will be disrupted, the Debtor will be unable to fund timely wages and benefits that are critically

important to its independent contractors, and the Debtor' relationship with their independent contractors will be materially damaged. If this occurs, the Debtor may be unable to retain their independent contractors and, without competent independent contractors, the Debtor would likely have to discontinue their operations.

## II.     THE DEBTOR' MOTION SHOULD BE GRANTED

Pursuant to section 507(a)(4) of the Bankruptcy Code, any claims by the Debtor's independent contractors based on "wages" earned within 180 days before the Petition Date are afforded priority status to the extent of $12,475 per individual. 11 U.S.C. §§ 507(a)(4) (2012). Accordingly, such amounts would normally be paid in full under a plan, and the primary issue raised by the Motion is the *timing* of such payments. Stated another way, in an effort to (i) ensure that its operations continue, and (ii) maximize the likelihood of its successful reorganization, the Debtor seeks merely to fund pre-petition obligations owed to their independent contractors (to the extent permitted by Section 507) at the beginning of the case rather than at the end of the case.

### A.     *The Bankruptcy Code Allows for Payment of Certain Pre-Petition Claims*

The Bankruptcy Code does not prohibit a debtor from paying pre-petition claims in all instances and, in fact, authorizes Debtor to do so in several circumstances upon court approval. *See*, *e.g.*, 11 U.S.C. §§ 363(b), 503(b)(9), 549 (2012). Courts routinely permit Debtor to fund prepetition wage claims. *See* 4 COLLIER ON BANKRUPTCY ¶ 507.06[1] at 507-31 (Rev. 16th ed. 2012) ("The ability to ensure that the independent contractors receive their unpaid prepetition salary and do not miss a paycheck is critical to obtaining the stability necessary for the transition to operating as a debtor in possession."). Across jurisdictions, however, courts have relied on a range of rationales in granting motions seeking authority to pay pre-petition

wages.

For example, courts in several jurisdictions have held that pre-petition wages and benefits can be paid pursuant to Section 363 of the Bankruptcy Code. Section 363 of the Bankruptcy Code allows a debtor, upon authorization by the court, to pay claims outside the ordinary course of business. While most businesses would consider the payment of wages, salaries, and benefits to be something undertaken in the ordinary course, courts have suggested that when such obligations accrue during the pre-petition period, funding such obligations does not fall within the ordinary course. *See*, *e.g.*, *In re K-Mart Corp.*, 359 F.3d 866, 872 (7th Cir. 2004); *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989).

Courts have also authorized the funding of pre-petition wages pursuant to Section 105(a) or Section 549 of the Bankruptcy Code based on the "Doctrine of Necessity." The Doctrine of Necessity acknowledges that, under certain scenarios, it is in the best interest of the estate to pay pre-petition creditors as a means of inducing them to continue working for or doing business with the debtor. *Miltenberger v. Logansport*, 106 U.S. 286 (1882). Although it was devised long ago, the Doctrine of Necessary has proven to be resilient through several amendments to the Bankruptcy Code, and it is still cited today. *See*, *e.g.*, *In re O & S Trucking, Inc.*, Case No. 12-61003, 2012 WL 2803738, at *2 (Bankr. W.D. Mo. June 29, 2012); *In re Payless Cashways, Inc.*, 268 B.R. 543 (Bankr. W.D. Mo. 2001); *In re Just For Feet*, 242 B.R. 821 (D. Del. 1999); *Ionosphere Clubs*, 98 B.R. at 175.

### B. *Regardless of the Rationale, the Payments at Issue Should Be Authorized*

The Court should authorize the Debtor to make the payments at issue in the Motion "outside the ordinary course" pursuant to Section 363. Funding the pre-petition claims of independent contractors, like any other use of property outside the ordinary course of business,

is appropriate in instances where the debtor can demonstrate a "business justification" for doing so.

> Section 363(b) gives the court broad flexibility in tailoring its orders to meet a wide variety of circumstances. However, the debtor must articulate some business justification, other than mere appeasement of major creditors, for using, selling or leasing property out of the ordinary course of business, before the court may permit such disposition under section 363(b).

*In re Ionosphere Clubs, Inc.*, 98 B.R. at 175 (citations omitted); *see also Michigan Bureau of Workers' Disability Compensation v. Chateaugay Corp. (In re Chateaugay Corp.)*, 80 B.R. 279, 281 (Bankr. S.D.N.Y. 1987) (court allowed debtor to continue payment of pre-petition wages and other benefits because it was consistent with debtor's "imperatives").

In the instant case, the Debtor has demonstrated that it has a significant and obvious business justification for the relief sought in the Motion. Specifically, the Debtor's funding of pre-petition wages will stabilize the Debtor's operations and maximize the likelihood that the Debtor will successfully reorganize. If, on the other hand, the Debtor does not fund their pre-petition obligations to independent contractors, there is a significant risk that the Debtor will have to discontinue its operations entirely. The Debtor's inability to continue generating revenue as a going concern would have a negative impact, to say the least, on all parties in interest.

The relief at issue should also be granted pursuant to the Doctrine of Necessity if the Court analyzes the Motion under Section 105(a) or Section 549. Section 105(a) grants the court authority to issue any order "necessary or appropriate to carry out the provisions" of the Code, and also provides a basis for authorizing the debtor to pay accrued pre-petition wages. *See In re Ionosphere Clubs, Inc.*, 98 B.R. at 175; *In re Quality Interiors, Inc.*, 127 B.R. 391, 396 (Bankr. N.D. Ohio 1991). Code § 549(a)(2)(b) also recognizes that a court may authorize the payment of pre-petition debts. *In re Payless Cashways, Inc.*, 268 B.R. at 546; *Dubuque Packing Co. v. Stonitsch (In re Isis Foods, Inc.)*, 37 B.R. 334, 336 n.3 (Bankr. W.D. Mo. 1984).

In fact, the same justifications for payment of employee obligations support payment of independent representative commissions.

### C. The K-Mart Decision

The above analysis holds true regardless of the decision issued by the United States Court of Appeals for the Seventh Circuit in *In re K-Mart Corp.*, 359 F.3d 866 (7th Cir. 2004). In the *K-Mart* case, the Seventh Circuit considered whether the bankruptcy court could authorize payments to fund the pre-petition claims of "critical vendors." Ultimately the Seventh Circuit determined that the bankruptcy court had not established its authority to do so. The Seventh Circuit acknowledged, however, that Section 363(b) might provide a basis for authorizing such payments under the right circumstances. *In re K-Mart Corp.*, 359 F.3d at 872. The Seventh Circuit also indicated that, in order to justify the payment of pre-petition claims, the debtor should be required to show that (i) it would suffer damage if such payments were not made, and (ii) that other creditors would not suffer harm as a result of the proposed payments. *Id.* The Debtor has made such a showing in this case. (*See* Motion ¶ 13(a)-(h).)

Moreover, the interests of the estate and its creditors are different with respect to independent contractors than they are with respect to "critical vendors."

> A central purpose of chapter 11 is to realize on a debtor's going concern value. That going-concern value is dependent in part upon the continuity and performance of the debtor's work force—something particularly true in the case at bar. The continuity and performance of a debtor's work force is, in turn, typically dependent on timely payment of wages and benefits. As claims based on prepetition wages and benefit programs almost always—as is true of the Prepetition Employee Obligations—are entitled to priority payment under section 507(a) of the Code, unsecured creditors are not disadvantaged by early—timely—satisfaction of those claims.

*In re Tusa-Expo Holdings, Inc.*, Case No. 08–45057, 2008 WL 4857954, at *4 (Bankr. N.D. Tex.

Nov. 7, 2008). Like the debtor in *Tusa-Expo Holdings*, the Debtor's future is dependent on the continued support of its independent contractors. Accordingly, the Debtor respectfully asks the Court to grant its Motion on an expedited basis and allow the Debtor to fund its pre-petition obligations to independent contractors.

## CONCLUSION

The Debtor has a compelling business justification for funding the pre-petition obligations owed to its independent contractors, and the funding of such obligations is necessary to avoid immediate and irreparable harm. Further, granting the relief requested will not prejudice any creditor or other party in interest. For these reasons, and others set forth above, the Debtor respectfully asks the Court to grant the relief requested in the Motion on an expedited basis.

Dated: October 14, 2020　　　　　　　　　/e/ John D. Lamey III, Esq. (#312009)
　　　　　　　　　　　　　　　　　　　　**LAMEY LAW FIRM, P.A.**
　　　　　　　　　　　　　　　　　　　　980 Inwood Avenue North
　　　　　　　　　　　　　　　　　　　　Oakdale, MN 55128
　　　　　　　　　　　　　　　　　　　　Telephone: 651-209-3550 / 651-789-2179 (f)
　　　　　　　　　　　　　　　　　　　　Proposed Counsel to the Debtor

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:                                                          Case No. 20-32409 WJF

Shaky Town Express, LLC

                                                                Chapter 11
        Debtor.

**ORDER**

      This matter came before the court on the Debtor's motion for an order authorizing the payment of pre-petition independent contractor payments. Appearances are noted on the record. Based on the arguments of counsel and the documents of record, and the court being fully advised with respect to the other relevant facts and information,

    IT IS ORDERED:

1. The Debtor's request for expedited relief is granted.

2. The Debtor is authorized to pay all pre-petition independent contractor payments and owner payments, in amounts not to exceed any applicable priority dollar limit.

Dated:                                                          _____
                                                                William J. Fisher
                                                                United States Bankruptcy Judge